IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELINDA PRESCOTT,

    Plaintiff,

v.

                                                                                   CIV 18-0756 KBM/JHR

BRISTOL WEST INSURANCE COMPANY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Bristol West Insurance Company's Motion to Bifurcate Trials and Stay Discovery of Bad Faith Claims (*Doc. 18*), filed October 24, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Docs. 7, 8, 9.* Having reviewed the submissions of the parties and the relevant law, the Court will deny Defendant's Motion to Bifurcate and Stay Discovery.

### I.    BACKGROUND

Plaintiff Melinda Prescott alleges she was injured in a motor vehicle accident after being rear-ended by the tortfeasor, Leonard Marjerison. Plaintiff settled with the tortfeasor's liability insurance carrier for its policy limits. She then made a demand with Defendant Bristol West Insurance Company for underinsured motorist coverage ("UIM").

Plaintiff filed the instant lawsuit against the UIM carrier in state court on January 22, 2018. *Doc. 1-2* at 1. After Plaintiff filed an Amended Complaint on July 2, 2018 (*Doc. 1-1* at 21), Defendant removed the case to federal court (*Doc. 1*). In her Amended

Complaint, Plaintiff brings a claim for breach of contract based on non-payment of UIM benefits (Count I) and a claim for breach of the duties of good faith and fair dealing (Count V). She also brings extra-contractual claims for insurance bad faith (Count II), violations of New Mexico's Unfair Insurance Practices Act ("UIPA") (Count III), and violations of New Mexico's Unfair Trade Practices Act ("UTPA") (Count IV). In the current motion, Defendant requests that the Court bifurcate the trials of Plaintiff's UIM breach of contract claim from her bad faith, UIPA, and UTPA claims (collectively referred to as "bad faith claims") and stay discovery on those extra-contractual claims "until such time as a jury has found that the Plaintiff is legally entitled to recover benefits on the underlying UIM breach of contract claim." *Doc. 18* at 13-14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) allows that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation under Rule 42(b) is "appropriate 'if such interests favor separation of issues and the issues are clearly separable,'" *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217-18 (D.N.M. Sept. 13, 2016) (quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003)), such as "when the resolution of one claim may eliminate the need to adjudicate one or more other claims." *Id.* at 1218 (citation omitted). However, bifurcation is "inappropriate when it will not appreciably shorten the trial or [a]ffect the evidence offered by the parties because claims are inextricably linked." *Buccheri v. GEICO Ins. Co.*, No. 17-CV-0490 LF/KK, 2017 WL 3575486, at *2 (D.N.M. Aug. 17, 2017) (quotation omitted). Further, bifurcation "is an

2

abuse of discretion if it is unfair or prejudicial to a party." *Ortiz*, 207 F. Supp. 3d at 1218 (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

The Court has broad and considerable discretion is deciding whether to sever issues for trial. *Buccheri*, 2017 WL 3575486, at *1 (citing *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010)). To that end, "bifurcation is decided on a case-by-case basis and should not be regarded as routine." *Id.* at *2 (citing *Marshall v. Overhead Door Corp.*, 131 F.R.D 94, 97-98 (E.D. Pa. 1990)). The burden is on the moving party to show bifurcation is needed "as a single trial normally lessens the expense and inconvenience of litigation." *Ortiz*, 207 F. Supp. 3d at 1217.

The Court also has broad discretion in managing its docket, including staying portions of discovery. *See Swepi, LP v. Mora Cty.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "Whether to stay discovery depends to a substantial degree on the facts and procedural progress of each individual case." *Kennicott v. Sandia Corp.*, No. CIV 17-188 JB/GJF, 2018 WL 4510254, at *2 (D.N.M. Sept. 20, 2018) (citations omitted). "The party seeking a stay generally faces a difficult burden," and must "make a strong showing of necessity" when seeking relief that would delay the court proceeding. *Swepi*, 2014 WL 7474084, at *15.

### III. ANALYSIS

#### a. Bifurcation of the UIM claim and the extra-contractual claims is not mandatory in this case.

Defendant argues that Plaintiff must prove she is entitled to UIM benefits before she can procced with her bad faith claims. Thus, Defendant asserts that bifurcation of Plaintiff's UIM claim and her extra-contractual claims is mandatory. To recover UIM

3

benefits, a plaintiff must establish the tortfeasor's negligence by proving duty, breach of duty, causation, and damages that exceed the tortfeasor's liability limits. *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1283 (D.N.M. May 10, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Safeco Ins. Co.*, 2013-NMSC-006, 298 P.3d 452, 456). A claim for bad faith failure to pay, on the other hand, requires a plaintiff to prove that "the insurer's reasons for denying payment of [her] claim were frivolous or unfounded." *Ortiz*, 207 F. Supp. 3d at 1218. However, the UIM carrier is not required to pay until the plaintiff proves she is legally entitled to collect UIM damages. *Aragon*, 185 F. Supp. 3d. at 1284. Accordingly, "under New Mexico law, resolution of the UIM claim is a condition precedent to [the plaintiff] bringing claims for bad faith [failure to pay]." *Id.* at 1286; *see also Ortiz*, 207 F. Supp. 3d at 1220 (explaining that the only bad faith alleged in *Aragon* was failure to pay). The court in *Aragon*, therefore, held that bifurcation of a bad faith failure to pay claim from a UIM claim is mandatory. 185 F. Supp. 3d at 1286; *see also Ortiz*, 207 F. Supp. 3d at 1221.

However, judges in this district have denied requests to bifurcate when the parties dispute only the value of damages, not the underlying liability of the tortfeasor. *Compare Willis v. Gov. Emp. Ins. Co.*, No. 13-CV-0280 KG/KK, 2015 WL 11181339, at *2 (D.N.M. June 17, 2015) (denying bifurcation when parties did not dispute underlying liability, only the value of the plaintiffs' damages), *and Sanchez v. Safeco Ins. Co. of Am.*, No. 14-CV-0926 MV/GBW, Order at 2 (D.N.M. Sept. 11, 2015) (CM/ECF No. 44) (same), with *Ortiz*, 207 F. Supp. 3d at 1218, 1222 (granting bifurcation when underlying liability was in dispute), *and Aragon*, 185 F. Supp. 3d at 1286 (same), *and Shultzaberger v. State Farm. Mut. Auto. Ins. Co.*, No. 17-CV-1028 KRS/CG, 2018 WL

4

456154, at *2 (D.N.M. Jan. 17, 2018) (granting bifurcation when the "[u]nderlying liability in this case is not a foregone conclusion"). Here, it is unclear if liability is in dispute. Plaintiff asserts multiple times that Defendant never contested the liability of the tortfeasor. *See Doc. 20* at 2, 4, 5. However, in its Answer to the Amended Complaint, Defendant repeatedly states that it is "without sufficient information and knowledge to form a belief" regarding the facts of the underlying accident. *Doc. 6*, ¶¶ 6-11. In contrast, the court in *Willis* found that liability was not disputed because the Defendant, in its answer, admitted "that the parties have an honest dispute over the value of Plaintiffs' insurance claim." 2015 WL 11181339, at *2.

Even assuming both liability and damages are disputed in this case, bifurcation is still not mandatory because Plaintiff's bad faith claims are not completely contingent on the resolution of her UIM claim. *Aragon* and *Ortiz* "stand for the narrow proposition that to recover on a bad faith **failure to pay claim**, plaintiffs must first prove they are legally entitled to recover [UIM] damages." *Buccheri*, 2017 WL 3575486, at *3 (emphasis added). However, "[a]n insurer can act in bad faith in its handling of a claim for reasons other than its refusal to pay a claim in full." *Ortiz*, 207 F. Supp. 3d at 1219. For example, an insurer can act in bad faith by failing to timely and fairly investigate an insured's claim, failing to timely evaluate a claim, or exploiting an insured's vulnerable position. *Id.* (citing *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, 41 P.3d 356, 359). Bifurcation is not required when a plaintiff alleges bad faith beyond just failure to pay because, then, "not all of plaintiff's extra-contractual claims are dependent on her contractual claims." *Buccheri*, 2017 WL 3575486, at *3; *see also Sanchez*, No. 14-CV-0926 MV/GBW, Order at 2 (denying bifurcation when plaintiffs alleged bad faith based on the

5

defendant's failure to investigate the claim); *Martinez v. State Farm Mut. Auto. Ins. Co.*, No. 16-CV-1029 WJ/LF, Mem. Op. & Order at 7 (D.N.M. Mar. 27, 2017) (CM/ECF No. 27) ("[D]etermining the value of Plaintiff's UIM claim is not necessary before Plaintiff can establish bad faith based on the way [the defendant] handled her claim.")

Here, Defendant asserts that Plaintiff's claims "are not based on conduct separate from [Defendant's] refusal to pay the amount of the UIM benefits sought by Plaintiff; rather they are clearly failure to pay claims." *Doc. 24* at 4. But, Defendant offers no further evidence to support this assertion. While Plaintiff does allege Defendant acted in bad faith by refusing to pay a "fair and reasonable value for the claim" (*Doc. 1-1*, ¶ 31), she also alleges that Defendant acted in bad faith by refusing to timely, thoroughly, and fairly investigate her claim. *Id.* ¶ 32.

Plaintiff also alleges extra-contractual claims for failure to investigate and failure to communicate under New Mexico's Unfair Insurance Practices Act (Count III) and New Mexico's Unfair Trade Practices Act (Count IV). *Id.* ¶¶ 41, 43. True, in *Ortiz*, the plaintiff alleged UIPA violations beyond failure to pay, but the court characterized the plaintiff's "rote recitation" of UIPA violations as primarily a disagreement of the value of the plaintiff's claim. 207 F. Supp. 3d at 1220-21. Even applying that analysis in this case, Plaintiff also sets forth a violation of the UTPA for failure to investigate, which "is not contingent upon the value of Plaintiff's UIM claim." *Martinez*, No. 16-CV-1029 WJ/LF, Mem. Op. & Order at 7-8. Because Plaintiff alleges more than bad faith failure to pay, her extra-contractual claims are not dependent on the resolution of her UIM claim, and bifurcation is not mandatory.

### b. Bifurcating Plaintiff's UIM claim and her extra-contractual claims will not promote judicial economy.

Defendant next argues that even if bifurcation is not mandatory in this case, bifurcation would still be appropriate to promote judicial economy. To this point, Defendant first contends that the UIM claim and the bad faith claims are separable because they will require different sets of evidence and have no common question of law or fact. The Court disagrees. Although the elements of a UIM and bad faith claim are different, the underlying auto accident provides the basis for Plaintiff's UIM claim, the value of damages for the bad faith failure to settle claim, and the investigation at issue for the bad faith failure to investigate claims. Further, as the court in *Martinez* explained, "it seems that the same individuals associated with [the defendant insurance company] would need to be deposed for all the claims asserted by Plaintiff, and that a substantial amount of the testimony from these individuals would be relevant for at least some of the elements on all of the claims." No. 16-CV-1029 WJ/LF, at 7. Because evidence of the claims is inextricably linked, bifurcation would not promote judicial economy. *See Buccheri*, 2017 WL 3575486, at *4; *Christy v. Travelers Prop. & Cas. Ins. Co.*, No. 13-CV-0281 WJ/LFG, Mem. Op. & Order at 4 (D.N.M. Aug. 29, 2013) ("[B]ifurcation is not appropriate where both claims rely on the same factual underpinnings and are therefore not separable."). Rather, bifurcation would result in duplicative discovery and trials, prolonging the case. *See Martinez*, No. 16-CV-1029 WJ/LF, Mem. Op. & Order at 7. Further, as discussed above, a determination in favor of Defendant as to the UIM breach of contract claims will not necessarily dispose of all of Plaintiff's extra-contractual claims.

Finally, the Court disagrees with Defendant that it will be unjustly prejudiced if the claims are not bifurcated. Citing Federal Rule of Evidence 408(A) and *Aragon*, Defendant contends that "[i]n the absence of bifurcation, when an insurer has made an offer to settle a disputed UIM claim, a conflict arises between the *insured's* right to introduce the offer in the trial of the bad faith claims and the *insurer's* right to exclude it when defending the UIM claim." *Doc. 18* at 4. Indeed, the court in *Aragon*, citing Texas cases, held that bifurcation is appropriate to avoid prejudice when an insurer has made an offer of settlement to the insured. 185 F. Supp. 3d at 1288. However, a Colorado District Court found that a similar issue concerning settlement and insurance coverage under Federal Rule of Evidence 411 could be addressed by limiting instructions and clear arguments of counsel. *Batchelor v. Viking Ins. Co. of Wis.*, No. 11-CV-2091 PAB/MJW, 2012 WL 2054807, at *1 (D. Colo. June 7, 2012). Further, Defendant has not identified an offer of settlement that could prove prejudicial. *See id.* at *2. The Court can, instead, address evidentiary issues, should they arise, at trial. *See Willis*, 2015 WL 11181339, at *4.

Defendant also argues that prejudice will arise in the absence of bifurcation because Plaintiff would be entitled to privileged documents including work product and attorney/client material. However, Defendant "can address any concerns about producing privileged communications through a confidentiality order, or by filing a discovery motion if appropriate." *Buccheri*, 2017 WL 3575486, at *4. Overall, "[t]he Court must balance this potential prejudice against the prejudice of unreasonable delay that bifurcation would cause to plaintiff, and the inconvenience to the Court." *Id.*

Balancing these considerations, the Court finds that Defendant has not met its burden to show that bifurcation and a stay of discovery is warranted in this case.

Wherefore,

IT IS HEREBY ORDERED that Defendant Bristol West Insurance Company's Motion to Bifurcate Trials and Stay Discovery of Bad Faith Claims is **denied**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent